# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0558V

| | |
|---|---|
| MERLE RODGERS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 8, 2025 |

*Rhonda Lorenz-Pignato, Shannon Law Group, P.C., Woodridge, IL,* for Petitioner.

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION[1]

On January 11, 2021, Merle Rodgers filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").[3] Petitioner alleged that he suffered a left shoulder injury related to vaccine administration, a defined Table Injury, after receiving an influenza vaccine on November 30, 2019. Amended Petition at 1, ¶¶ 2, 6, 22. He further alleged that he "had no history of pain, inflammation or dysfunction in his left shoulder" (*id.* at ¶ 3), and had "experienced his symptoms within 48 hours after the vaccine administration" (*id.* at ¶ 24).[4]

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Approximately one year later, on January 3, 2022, he filed an amended petition. ECF No. 15.

[4] To support these assertions, Mr. Rodgers cited only his declaration signed under penalty of perjury as required pursuant to 28 U.S.C.A. § 1746. *See* Exhibit 5.

Mr. Rodgers passed away on May 22, 2022. Exhibit 12 (death certificate). Since that time, Petitioner's counsel worked diligently to contact a family member who could function as the proper petitioner to continue this claim. *See,* e.g., Status Report, filed May 7, 2024, ECF No. 34. Additionally, I have previously noted significant deficiencies which would have needed to be addressed to avoid dismissal of the claim. *See* Order to Show Cause, issued Aug. 6, 2024, ECF No. 37.

On September 11, 2024, Petitioner's counsel filed a status report stating that she managed to locate and correspond with Petitioner's only surviving daughter, but that neither she nor any of her father's grandchildren wished to continue the claim. ECF No. 38. Accordingly, on January 6, 2025, Petitioner moved for a decision dismissing the Petition. ECF No. 39.

To receive compensation under the Program, Petitioner must prove that she received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine, a "non-Table claim." *See* Sections 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

Due to the lack of a proper Petitioner who wishes to continue this vaccine claim, as well as the deficiencies described in my August 28, 2024 Order, I find that a dismissal decision is warranted in this case. The record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner has satisfied the requirements of a Table or causation-in-fact claim.

For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's motion is GRANTED. This case is DISMISSED for insufficient proof and failure to prosecute. The Clerk shall enter judgment accordingly.**[5]

**IT IS SO ORDERED.**

                                                 **s/Brian H. Corcoran**
                                                 Brian H. Corcoran
                                                 Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.